# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**James H. Smailes,**
**Petitioner Below, Petitioner**

**vs) No. 12-0155** (Kanawha County 09-D-920)

**Peggy Morris Smailes,**
**Respondent Below, Respondent**

**FILED**

February 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James H. Smailes appeals the Circuit Court of Kanawha County's "Final Order Refusing Appeal" entered on January 6, 2012, which affirmed the Family Court of Kanawha County's "Order Regarding Motion for Reconsideration" entered on November 10, 2011. Petitioner is represented by Robert M. Williams. Respondent Peggy Morris Smailes appears *pro se*.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent were married in December of 2001 and were divorced by amended order entered on March 21, 2011. Petitioner argued in a motion for reconsideration that the family court erred by distributing the couple's marital property in an inequitable manner. In particular, petitioner argued that the family court erroneously counted his separate, pre-marital real property as marital property, resulting in respondent receiving a more valuable distribution. The family court rejected this argument in its order denying the motion for reconsideration, and the circuit court affirmed on appeal.

Petitioner's arguments concern the family court's findings of fact. "In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard[.]" Syl., in part, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

The family court recognized that petitioner owned a hunting camp in Randolph County and a residence in Kanawha County prior to the marriage. The family court classified these as petitioner's separate, pre-marital property, although the court discussed them because respondent alleged that a significant amount of marital funds had been spent to make improvements to these

1

properties. Unfortunately, neither party provided sufficient evidence on the value of their marital properties, the value of their respective pre-marital properties, or on the amount of marital money spent to improve and/or maintain their respective pre-marital properties. Based upon the dearth of evidence provided by the parties, the family court did its best to make an equitable distribution. Petitioner retained his pre-marital properties and was awarded an unimproved marital lot and an easement. Respondent was awarded the marital residence and garage, while also retaining her separate pre-marital property. After a careful review of the parties' arguments and the appendix record, we cannot find that the family court committed clear error. Accordingly, we affirm.

Affirmed.

**ISSUED:** February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II